## GEORGE M. WALDRON

*v.*

## PETER LAYTON et al.

[Decided May 18th, 1906.]

1. The Orphans Court act (*P. L. 1898 p. 793* § *201*), authorizing a person aggrieved by an order of a surrogate in proving an inventory or granting letters of administration, &c., to appeal to the orphans court by filing a petition of appeal with the surrogate within thirty days after such order, and (*P. L. 1898 p. 793* § *202*) providing that proceedings of the surrogate respecting the probate of a will shall be subject to appeal to the orphans court as if the will had not been proved, and fixing the time for such appeal, being a part of subdivision 17, entitled "Appeal from Surrogate," must be read together, and when so read, an appeal from a surrogate's order admitting a will to probate must be taken by a petition filed with the surrogate, and not in the orphans court.

2. A will was admitted to probate August 27th. A petition of appeal was not filed until August 6th in the following year. No other step was taken in the prosecution of the appeal until September, the following year.—*Held*, that the unexplained delay in prosecuting the appeal constituted laches sufficient to defeat a right of appeal.

On appeal from a decree of the Somerset county orphans court dismissing an appeal from the order of the surrogate admitting to probate the last will and testament of Jonathan H. Moore, deceased.

*Mr. Horace Codington,* for the appellant.

*Mr. Theodore C. English,* for the respondents.

BERGEN, VICE-ORDINARY.

According to the transcript of the record of the proceedings sent up with this appeal, it appears that on the 27th day of August, 1903, the last will and testament of Jonathan H. Moore was duly admitted to probate by the order of the surrogate of the county of Somerset, and on the same day the executors

named in the will qualified and assumed the duties cast upon them as such officers; that on the 26th day of February, 1904, the proctor of the appellant, who is one of the heirs-at-law of the testator, filed with the clerk of the orphans court a notice of appeal to that court from the order of the surrogate admitting the will to probate; that on the 16th day of August, 1904, the appellant filed his petition of appeal with the clerk of the orphans court, praying that the order of probate be set aside; that the letters testamentary issued thereon be revoked, and that citations be issued to the parties in interest. On the 19th day of January, 1906, the orphans court dismissed the appeal and affirmed the surrogate's order because the petitioner had not properly prosecuted the appeal, and from this decree this appeal was taken.

The petition of appeal in this court alleges as grounds for reversal—*first,* that within the statutory period the appellant had caused to be filed a notice of appeal from the surrogate's order; *second,* that on the 16th day of August, 1904, a petition of appeal was filed in the orphans court, and proceedings taken thereon which resulted in bringing into court the parties in interest; *third,* that the orphans court denied a motion for an order that the petition of appeal be considered filed within fifteen days after the notice of appeal; *fourth,* that the surrogate should have issued citations in the first instance, because such doubts existed on the face of the will as to require him to adopt that proceeding before probate; *fifth,* that the appeal was dismissed without a hearing on the merits, whereby the petitioner was prevented from having the will proved in solemn form. The real and only substantial objection, and one which includes all of the reasons stated, is that the orphans court dismissed the appeal for want of prompt prosecution when no such condition existed. That there was unusual delay in prosecuting the appeal if one had been properly taken is fairly to be inferred from the record, and in it no excuse or justification therefor appears. In my judgment, however, there was no proper appeal. The statute permitting an appeal is to be found under subdivision 17 of the Orphans Court act. *P. L. 1898 p. 793, tit. "Appeal from Surrogate."* Section 201 under this subdivision enacts that any

person aggrieved by any order or proceeding of a surrogate in proving an inventory or granting letters of administration or guardianship may, by filing a petition of appeal with the surrogate within twenty days after such order or proceeding, appeal therefrom to the orphans court. Section 202 of the same subdivision enacts that

"proceedings of surrogates respecting the probate of will shall be subject to appeal to the orphans court by any person interested, or other person legally representing him, and to proceedings thereon, as if the will had not been proved ; provided, that such appeal be made within three months after such proceedings, before the surrogate, or within six months after such proceedings, in cases where the person appealing resides out of this state at the death of the testator."

As these two sections are a part of the subdivision of the law which regulates appeals from the surrogate, they should be read together in determining the method of taking the appeal. The first section referred to requires the filing of a petition of appeal with the surrogate, and limits the time within which such petition may be filed in the cases enumerated in that section. The succeeding section provides for an appeal in proceedings relating to the probate of wills, and extends the time of appealing to three or six months, according to the residence of the appellant, without stating how the appeal shall be prosecuted. As this section prescribes no method for taking the appeal, my opinion is that the proceeding set out in section 201 was intended to apply to both sections, and that an appeal from the surrogate's order of probate must be taken by a petition filed with the surrogate, and not in the orphans court. It clearly appears from this record that neither the notice or the petition of appeal was filed with the surrogate as a notice or petition filed in the surrogate's court, but both papers were filed in the orphans court. From this it follows that the appellant has not observed the law allowing such an appeal to be taken, and therefore the orphans court was justified in disregarding it.

It also appears from this record that the petition of appeal was not filed in the orphans court until the 6th day of August, 1904, a period of nearly a year having elapsed from the date of the order of probate, and that no other step was taken in the

prosecution of this appeal, if one existed, until the month of September, 1905, and it seems to me that the orphans court committed no error in determining that an unexplained delay of two years on the part of the petitioner in prosecuting his appeal constituted such laches on his part as to justify its dismissal.

On the point that the surrogate should have determined that upon the face of the paper offered for probate such doubt existed as to require that officer to issue citations in the first instance, it is sufficient to say that a reading of the will indicates no such condition as to warrant this court in saying that the surrogate ought not to have acted in the premises, but should have referred the matter to the orphans court.

I am fully satisfied that the appellant has shown no legal ground to complain of the decree appealed from, and that it should be affirmed, with costs.